# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **LISA POWERS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 12-448-JJB-RLB** |
| **MICHAEL J. ASTRUE,**<br>**COMMISSIONER OF THE**<br>**SOCIAL SECURITY ADMINISTRATION** | |

## ORDER

Before the Court is Plaintiff's Motion to Introduce New Evidence, filed on September 6, 2013. (R. Doc. 14). Defendant filed a timely Opposition on September 27, 2013. (R. Doc. 17). For the reasons discussed below, the Court **DENIES** Plaintiff's Motion to Introduce New Evidence (R. Doc. 14).

## I.     BACKGROUND

In this action, Plaintiff, Lisa Powers ("Plaintiff"), seeks judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") pursuant to 42 U.S.C. § 405(g) denying Plaintiff's application for a period of disability and disability insurance benefits under Title II and supplemental security income under Title XVI of the Social Security Act. (R. Doc. 1).[1] Plaintiff filed an application for disability insurance benefits on July 31, 2009 (Tr. 136-150) alleging a disability onset date of March 20, 2007 (Tr. 136). After Plaintiff's claim was initially denied (Tr. 82-83), she requested a hearing before an Administrative Law Judge ("ALJ") (Tr. 94), which was held on December 20, 2010 (Tr. 61-81). On February 25, 2011 the

---

[1] References to documents filed in this case are designated by: (R. Doc. [docket entry number(s)] at [page number(s)]). Reference to the record of administrative proceedings filed in this case is designated by: (Tr. [page number(s)]).

ALJ issued an unfavorable decision denying Plaintiff's application for benefits. (Tr. 43-45). After Plaintiff's request for review (Tr. 41) was denied by the Appeals Council on June 4, 2012 (Tr. 4-6), the ALJ's decision became the final decision of the Commissioner for purposes of this Court's review. *See* 20 C.F.R. § 404.981 ("The Appeals Council's decision, or the decision of the administrative law judge if the request for review is denied, is binding unless you . . . file an action in Federal district court . . . ."). Plaintiff then appealed the Commissioner's final decision, which is before this Court for review. (R. Doc. 1).

Subsequent to the unfavorable decision at issue here, Plaintiff filed an additional claim for disability benefits on March 9, 2011 alleging a disability onset date of December 1, 2010. (R. Doc. 14-2 at 5). On August 22, 2013, a different ALJ issued a fully favorable decision granting Plaintiff's application for benefits. (R. Doc. 14-2). The ALJ issuing the favorable decision found that: "the claimant was disabled as of February 26, 2011, (the day after the prior Administrative Law Judge denial decision of February 25, 2011)." (R. Doc. 14-2 at 5).

Plaintiff now moves to supplement the administrative record on appeal with a copy of the favorable decision for the Court to consider in its review of the unfavorable decision. (R. Doc. 14).

## II.     DISCUSSION

### A.      Consideration of Evidence Outside the Administrative Record

As an appellate body, the role of a district court is to determine whether there is substantial evidence to support the ALJ's decision and whether the ALJ applied the correct legal standards. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Falco v. Shalala*, 27 F.3d 160, 162 (5th Cir. 1994); *Villa v. Sullivan*, 895 F.2d 1019, 1021 (5th Cir. 1990). In making its determination, the district court is "constrained by the record which was available

2

to the ALJ." *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991).  It is not the district court's

"job" to examine new evidence of disability — evidence not provided to the ALJ or Appeals

Council — or to "find issues of fact." *Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981);

*see also* 42 U.S.C. § 405(g) (a reviewing court "shall have power to enter, upon the pleadings

and transcript of the record, a judgment affirming, modifying, or reversing the decision of the

Commissioner"); *Ellis v. Bowen*, 820 F.2d 682, 684 (5th Cir. 1987) ("We review on the record

made before the ALJ. The courts may not take new evidence . . . .").  Ultimately, the courts must

give careful scrutiny to the whole record to assure that there is a sound foundation for the ALJ's

findings, and that the conclusion is rational. *See Bridges v. Gardner*, 368 F.2d 86, 90 (5th Cir.

1966) (court must "scrutinize the record as a whole . . . . and if the [ALJ's] findings are

supported by substantial evidence, they are conclusive and are not to be reversed or modified by

the courts.").

     Plaintiff seeks to supplement the administrative record with the subsequent favorable

decision rendered on August 22, 2013, "and asks that it be considered in the court's deliberation"

of her appeal. (R. Doc. 14-1 at 1-2).  New evidence which did not exist until after the previous

denial of benefits could not assist the Court in determining whether substantial evidence existed,

at the time, to support the unfavorable decision. *See, e.g.*, *Winston v. Astrue*, 341 Fed. Appx. 995,

998 (5th Cir. 2009) ("Whether a subsequent application is approved is of no moment to the

question of whether the prior application was meritorious *at the time of consideration*.");

*Washington v. Astrue*, No. 12-1429, 2013 WL 1787180, at *5 (E.D. La. March 13, 2013) (slip

op.) ("The mere fact that a second ALJ weighed the evidence differently does not authorize

reversal by a district court; the standard is whether the first ALJ's decision was supported by

substantial evidence on the record, not whether it was the only possible reasonable decision."

3

(quotations omitted)); *Johnson v. Astrue*, No. 09-2458, 2011 WL 902966, at *4 (D.S.C. March 15, 2011) (refusing to consider the "subsequent favorable decision" because it was "not part of the administrative record").

Therefore, the Motion to Introduce New Evidence (R. Doc. 14) is denied to the extent Plaintiff asks the Court to consider evidence beyond the administrative record to determine whether the ALJ's denial of benefits was supported by substantial evidence. *See Parks v. Harris*, 614 F.2d 83, 84 (5th Cir. 1980) ("The medical evidence of Parks' sleep disorder relied upon by the district court in awarding benefits to Parks was outside the administrative record and therefore not properly before the court.").

## B.     New and Material Evidence Justifying Remand

While a district court cannot consider new evidence in determining whether substantial evidence supported the ALJ's decision, it may nonetheless review new evidence to determine if a remand to the Commissioner is appropriate. *See Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) ("We review new evidence only to determine if a remand is appropriate."). For "new" evidence to justify remand it must be "material," and the plaintiff must demonstrate "good cause" for not presenting the evidence at the original proceeding. *Ripley*, 67 F.3d at 555; *see also* 42 U.S.C. § 405(g).

"New" evidence must not merely be "cumulative of what is already in the record." *Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir. 1989). New evidence must also be "material." Material evidence relates to the time period for which benefits were denied — meaning it does not concern a subsequent disability or the deterioration of a previously non-disabling condition. *E.g.*, *Johnson v. Heckler*, 767 F.2d 180, 183 (5th Cir. 1985). Finally, new evidence is material if there

exists a reasonable probability that it would have changed the outcome of the decision had it been before the ALJ. *Johnson*, 767 F.2d at 183.

Plaintiff contends that, because the two ALJs reached "divergently different conclusions," the favorable decision constitutes new and material evidence justifying "remand to fully reconsider Plaintiff's credibility and RFC/limitations." (R. Doc. 14-1 at 2). Additionally, Plaintiff contends that remand is "in the best interest of the government's goal of consistency in the decision making process." (R. Doc. 14-1 at 2). Plaintiff offers no legal support for her argument.

Contrary to Plaintiff's argument, a "subsequent favorable decision may be *supported by* evidence that is new and material under § 405(g), but the decision is not itself new and material evidence." *Washington*, 2013 WL 1787180, at *4 (quoting *Allen v. Comm'r of Soc. Sec.*, 561 F.3d 646, 653 (6th Cir. 2009)). If the Court accepted Plaintiff's contention and remanded the case based on the subsequent favorable decision, it would be "tantamount to a collateral attack on the initial decision" and would actually "run counter to the need for finality and consistency between SSA disability determinations." *Id.* at *5 (quotations omitted). Therefore, Plaintiff's subsequent favorable decision, alone, is insufficient to constitute new and material evidence for purposes of remand.

While the evidence supporting a subsequent decision might be new and material to justify remand, the Court notes that Plaintiff has failed to provide any of the underlying evidence supporting the favorable decision. *See Allen*, 561 F.3d at 653 ("a subsequent favorable decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence"). Plaintiff likewise does not point to any particular piece of evidence

underlying the subsequent decision that she considers new and material or that she had good cause for not raising before the ALJ.

Nonetheless, even if Plaintiff had submitted the underlying evidence, the Court's conclusion would not change.  A review of the favorable decision indicates that the evidence it relies upon would not constitute new and material to justify a remand to the Commissioner.  The favorable decision only cites to evidence produced after the period relevant to Plaintiff's appeal.[2] (R. Doc. 14-2 at 9-10 (noting that back and neck surgery was recommended in February 2011, April 2012, May 2013 and July 2013 by four of Plaintiff's doctors and that back surgery was actually performed in June 2013)); (R. Doc. 14-1 at 1 ("four examining and treating physicians all recommended lumbar spine surgery shortly after the prior ALJ decision.")).  Moreover, the favorable decision describes Plaintiff's new diagnoses and deteriorations of her previously non-disabling conditions, occurring after the unfavorable decision was rendered. (R. Doc. 14-2 at 9 (April 2012 — back and neck surgery recommended "due to worsening of her orthopedic impairments")); (R. Doc. 14-2 at 10 (April 2013 — "findings of spondylosis at virtually all levels . . . flattening of the cord . . . multiple narrowed foreman")).

As such, the Court finds that neither Plaintiff's subsequent favorable decision, nor the evidence supporting it constitute new and material evidence.  *See Washington*, 2013 WL 1787180, at *4 (refusing to accept the plaintiff's conclusory allegation that his subsequent favorable decision alone warranted remand); *cf. Mims v. Astrue*, 701 F. Supp. 2d 892, 903 (S.D. Tex. 2010) ("The [new] evidence is material because the medical expert and the second ALJ relied on medical records that were performed during the period for which Plaintiff requests benefits in the present case . . . .").

---

[2] The relevant periods of disability do not overlap.  The period relevant to the favorable decision ran from February 26, 2011 and August 22, 2013, while the unfavorable decision considered evidence relevant to the time between March 20, 2007 and February 25, 2011.

### III.     CONCLUSION

For the reasons discussed above, **IT IS ORDERED** that Plaintiff's Motion to Introduce

New Evidence (R. Doc. 14) is **DENIED**.

Signed in Baton Rouge, Louisiana, on October 3, 2013.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**